## MELVIN VS. S. B. GENERAL SHIELDS.

An attachment bond, with the condition written under the signatures and seals of the obligors, held sufficient: and that if an objection to such bond could be taken in the Circuit Court on appeal from a Justice of the Peace, it must be by plea in abatement, and not by motion to dismiss.

*Writ of Error to Yell Circuit Court.*

Hon. WM. H. FEILD, Circuit Judge.

JORDAN, for the plaintiff. The condition of a bond may be either in the same deed or another—it may be included within it or endorsed upon it. (*Jacob's Law Dic.*, *Title*, *Bond;* 2 *Salk.* 462; 5 *Mod.* 281.) Any words, by which the intention of the parties can be discovered, are sufficient to make the condition of a bond. 2 *Coke*, 669 *and notes*.

After trial and appeal to the Circuit Court, the defendant could not take advantage of any informality in the bond, either by motion to dismiss, or plea in abatement. 3 *Ark.* 501; 5 *Ib.* 457; 6 *Ib.* 37; 7 *Ib.* 410; 9 *Ib.* 159.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The plaintiff instituted a suit by attachment under the statute, before a justice of the peace, against the steamboat General Shields. The master appeared and released the boat by entering into bond, and the cause progressed to a trial on the merits before the justice, where the plaintiff obtained judgment for the amount of his demand. The master of the boat caused an appeal to be taken to the Circuit Court, and there moved to quash the proceedings had before the justice, because the plaintiff had not filed a bond as required by the statute, before the issuance of the writ of attachment. The plaintiff had filed a bond with the justice, and the only objection, made to it in the Circuit Court, appears to be that the condition was written underneath the signing and sealing of the obligors. Notwithstanding the condition underwritten was followed and verified by the attestation of the justice approving the bond as sufficient, the Circuit Court, upon that motion, dismissed the suit at the costs of the plaintiff.

The proceedings before the justice were regular and conformable to the statute. If the objection taken to the bond could be made in the Circuit Court, it should have been done by plea in abatement, and, if so made, would be out of time, after a trial and on appeal allowed not for delay, but that justice might be

done.    But, no matter when or how taken, there was nothing in the objection.

Reversed, and remanded, with instructions to reinstate the cause, and proceed in it to trial *de novo* on the appeal. ·    ·